IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JAMES HUMBLE, JR.**                                                                      **PLAINTIFF**
**ADC #117144**

v.                                        No: 1:18-cv-00078 DPM-PSH

**STEPHEN WILLIAMS,** *et al.*                                                   **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff James Humble, Jr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on October 15, 2018, while incarcerated at the Arkansas Department of Correction's North Central Unit (Doc. No. 2). On October 16, 2018, Humble was ordered to file an amended complaint containing a description of the role each defendant had in the alleged constitutional violations and describing the injuries he sustained. Doc. No. 3. Humble was also instructed to explain why he sued the defendants in their official capacities. *Id.*

Humble's amended complaint is identical to the complaint he previously filed with the exception that it is signed and contains a request for relief (money damages).  *See* Doc. No. 4.

Humble's claims should be dismissed for failure to state a claim upon which relief may be granted.  Humble sues defendants in their official capacities only and seeks money damages.  A suit against a defendant in his or her official capacity is in essence a suit against the State of Arkansas, and any official capacity claim for monetary damages against that defendant is barred by the doctrine of sovereign immunity.  *Will v. Michigan Department of State Police, et al.*, 491 U.S. 58, 71 (1989)*; Nix v. Norman*, 879 F.2d 429, 431-432 (8th Cir. 1989).  Additionally, Humble does not describe the involvement of any defendant.  Finally, Humble sues because he is not allowed to work due to previous heat strokes he suffered while working outside.  Humble seeks a job where he will not overheat, such as kitchen duty.  Although the Court commends Humble's work ethic, there is simply no constitutional right to a job while incarcerated.  *See Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir.2002) (per curiam) (prisoners do not have a constitutional right to a particular prison job).  *See also Miller v. Benson*, 51 F.3d 166, 170 (8th Cir. 1995) ("[W]e note that plaintiff has no right to prison employment under state law and thus no constitutionally protected property interest in prison employment."); Ark. Code Ann. § 12-29-101 (allowing the Department of Correction to create work programs subject to its own rules and regulations).

For the reasons stated herein, it is recommended that:

1.  Humble's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.  Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 16th day of November, 2018.

_____
UNITED STATES MAGISTRATE JUDGE